THE PEOPLE *against* CHAPMAN, Sheriff of *Seneca.*

AN attachment had issued against the defendant for not returning a *fi. fa.* which was endorsed for $468,50. No information was given to the Coroners of *Seneca,* to whom the attachment was directed, of the amount of the *fi. fa.* either by endorsemcet on the attachment, or otherwise. One of the Coroners arrested the defendant, who entered into a recognizance before a Judge of the Common Pleas, with sureties, to appear, in the penal sum of 50 dollars only. The defendant, on being called, did not appear upon the recognizance.

*J. C. Spencer,* now moved, *ex parte,* for an *alias* attachment, and that the recognizance be estreated, for prosecution. He said it was the fault of the Coroner, that the recognizance was not for a larger sum ; and the plaintiff ought not to be prejudiced by his omission.

[WOODWORTH, J. The Coroner not having the amount of the *fi. fa.* communicated to him in any way, how is he in fault ?]

*Spencer.* I am not aware that any communication was necessary, or would be binding upon the Coroner in such a case, if made. I know of no course for securing competent bail, unless the Court require notice, as in *England,* that bail will be put in, which then gives the chance to except for insufficiency, or object to the smallness of the penalty. We certainly cannot prosecute with safety upon this recognizance

*73

---

**Margin notes:**

ALBANY, October, 1823.

THE PEOPLE. *v.* CHAPMAN.

An attachment against the sheriff, for not returning an execution, should be accompanied with instructions in what amount to take a recognizance for the defendant's appearance ; And if these instructions are not given, the coroner is not in fault, though the penalty of the recognizance be less than the execution. In such a case, however, the plaintiffs may, on motion, proceed by an *alias* attachment, if the sheriff do not appear upon his recognizance. But the court will not, at the same time, allow the recognizance to be prosecuted.

without being also allowed to proceed by an *alias*. This, the Court have an undoubted right to grant. The ancient course was to bring in the defendant's body on the attachment, upon which he was recognized in open Court to appear *de die in diem* ; afterwards a single Judge of the Court was allowed to take the recognizance, and now, by statute, (1 *R. L.* 321,) a Judge of the Court of Common Pleas. This being a criminal proceeding, the defendant not only forfeits his recognizance, but the Court may, as in other cases of that sort, compel a personal appearance, with a view to inflict an adequate punishment for the offence.

*Curia.* Direction should have been given to the Coroner in what amount to take bail. We deny the motion to estreat the recognizance, which would be to accumulate costs unnecessarily. But we grant a rule for an *alias* attachment, which will answer every requisite purpose, without a suit upon the recognizance.

Rule accordingly.(<em>a</em>)

(*a*) Accordingly, an *alias* issued thus : " To the Coroners of the county of *Seneca*, Greeting ; We command you, as we have before commanded you, that you attach *Josiah B. Chapman*, Sheriff of our said county, so that you may have him before our Justices, &c. at the *Capitol*, in the city of *Albany*, on the third *Monday* of *February* next, to answer to us for certain trespasses and contempts, done and committed in our said Court, before us, and have you then there this writ. Witness," &c.

Endorsed thus :

" Amount due on execution, for neglect of returning which, this attachment is issued, $527,69.

P. S. Parker, att'y."

Returned thus : " The execution of this writ, appears by the recognizance annexed." (*Signed,*) *Dal. Rhoad, Cor'nr.*

On the service of an attachment, for whatever cause, the *English* books direct (as to the manner in which the defendant is to be disposed of) thus : " He is brought into Court, or before a Judge at chambers, and sworn to answer interrogatories ; he is then committed, unless, with leave of the Court or Judge, he enter into a recognizance, with sureties, for his appearance in Court from day to day, to answer interrogatories concerning such matters as may be objected against him. Or the defendant may appear voluntarily, and be sworn and enter into the recognizance as above mentioned—serve a notice on the opposite party, that the defendant will appear in Court, or before a Judge at chambers, on a certain day, in order to enter into recognizance, and be sworn to answer all such interrogatories as shall be exhibited againt him, stating the names and additions of the bail,

as in ordinary cases. This notice should be given 24 hours, at least, previous to the defendant's being brought up, if the bail reside in town ; or 2 days, or more, if they reside elsewhere, according to the distance. Then get a rule from the Clerk of the rules on the Crown side, to bring up the defendant, if he be in custody of the Marshal ; but if in custody of the Sheriff, it seems, a writ of *habeas corpus* will be necessary. (*Imp. C. B.* 570.) When brought up, the bail justify, and the recognizance is taken as in ordinary cases. It is entirely discretionary with the Court or Judge whether they will allow the defendant to be bailed or not; and in very gross cases, or where the defendant appears evidently guilty, they usually refuse it (*2 Hawk. c. 22, s. 1.*" *2 Archbold's Pr. of the King's Bench*, 299, 300.)

ALBANY,
October, 1823.

THE PEOPLE
v.
CHAPMAN.

By the act concerning the Supreme Court, (1 *R. L.* 321, *s.* 13,) it is provided, " that if any person shall hereafter be arrested upon any process issuing out of the said Court, whereon a recognizance may now be taken, before one of the Judges of the said Court, it shall and may be lawful for any Judge of any Court of Common Pleas in this state, to take any such recognizance, and thereupon deliver the same to the officer who shall make the arrest, whose duty it shall be, to transmit the same, with the process, to the Clerk of the Supreme Court, residing at the place where the Court shall be to be holden, and the return of such process and recognizance so taken, shall be deemed as valid as if taken before a Judge of the Supreme Court."

Accordingly, on arrest upon the above recited *alias* attachment, a recognizance was taken thus :

*State of New-York—Seneca County, ss.*

" Be it remembered, that on the *14th* day of *February*, A. D. 1824, before me, *Levi Wheeler*, Esquire, one of the Judges of the Court of Common Pleas, in and for the county of *Seneca*, personally came *Josiah B. Chapman*, Esquire, Sheriff of the said county, and *Ephraim Kinne*, of the town of *Romulus*, in said county, Farmer, and *John Maynard* of *Ovid*, in said county, Attorney at Law, and, severally, acknowledged themselves to be indebted to the people of the state of *New-York*, in the sum of six hundred dollars each, to be made and levied of their several and respective goods and chattels, lands and tenements, to the use of the said people, if default shall be made in the condition hereunder written.

The condition of this recognizance is such, that if the above bounden *Josiah B. Chapman*, shall personally appear before the Justices of the people of the state of *New-York*, of the Supreme Court of Judicature of the same people, at the *Capitol* in the city of *Albany*, on the third *Monday* of *February* instant, to answer unto the said people for certain trespasses and contempts done and committed in the said Court, before the said people, and shall not depart from the said Court without license, then this recognizance shall be void, otherwise, of full force and virtue.

*Josiah B. Chapman,*
*Ephraim Kinne,*
*John Maynard,*

Taken, subscribed and acknowledged, }
the day and year first above written, }
before me,          *Levi Wheeler.*" }

ALBANY,        *February Term*, 1824. The *alias*, with the above recognizance annexed,
October, 1823. being filed in the *Albany* Clerk's office, Mr. *Paige*, the Clerk, on Mr. *Par-*
BIRD         *ker's* request, brought the same into Court; and, on the *quarto die post*, Mr.
v.           *Parker* moved that the defendant be called; whereupon, the crier called,
SILSBIE.     "*Josiah B. Chapman*, Sheriff of *Seneca*." He did not appear, and, upon
further motion, the Clerk entered his default, thus: (*after entitling the
cause*) "The defendant, being called in open Court, made default." On
*Friday*, of the second week in term, on motion, the following rule was enter-
ed: (*after entitling the cause*) "*Josiah B. Chapman*, Sheriff of *Seneca*
county, having been openly called on his recognizance, and made default;
on motion of Mr. *Parker*, of counsel, in behalf of *Isaiah Townsend* and *John
Townsend*, [*these were the plaintiffs in the execution delivered to the Sheriff,
and the relators in this cause*,] leave is granted to them to prosecute the said
recognizance."