## SUPREME COURT.

WILLIAM H. GLENNY against JAMES HITCHINS and BENJAMIN H.
HORTON.

A *demurrer*, under the code, must *distinctly specify* the grounds of objection; unless it do so, it may be disregarded. (Sec. 145.) The general allegations, that "facts sufficient to constitute a cause of action are not stated in the complaint," that the complaint may be true, and yet the plaintiff not entitled to recover," are substantially the language of a general demurrer under the former practice, and are not now allowed in any case.

Where a complaint alleges "*the sale and delivery of goods*," as a cause of action, it is not necessary to allege *a promise* on the part of the defendant to pay, &c., as was formerly necessary. A statement of *the facts constituting the cause of action in ordinary language, &c.* (§ 142,) is now sufficient; that is, all the facts which, upon a general denial, the plaintiff would be bound to prove, to entitle him to a judgment.

*At chambers. Motion for judgment, upon a frivolous demurrer, under section 247 of the code.*—The complaint in this cause, after the title of the cause, is as follows:

"Erie county. The above named William Glenny complains of the defendants, that the plaintiff sold and delivered to the defendant, between the 19th day of April, and the 24th day of May, 1849, crockery, gas fixtures and glass ware, to the amount and value of four hundred and eighty-six dollars and sixty-three cents; for which sum the defendants are justly indebted to the plaintiff, and for which sum the plaintiff demands judgment."

The time for answering has expired, and no answer has been put in by the defendant Horton.

The defendant Hitchins appeared and demurred to the complaint, specifying the grounds of the demurrer in the following form: "That said complaint does not state facts sufficient to constitute a cause of action against the defendants, inasmuch as it does not state any legal liability on the part of the defendants to the plaintiff, nor that they ever promised to pay the plaintiff any sum whatever; and that all the plaintiff alleges may be true, and the defendants not be liable to the plaintiff therefor.

T. BURWELL, *for the plaintiff.*

G. W. HOUGHTON, *for defendant Hitchins.*

SILL, Justice.—The Code of Procedure requires that a demurrer shall distinctly specify the grounds of objection to the complaint; and unless it do so, it may be disregarded. (Sec. 145.)

The general allegations, that facts sufficient to constitute a cause of action are not stated in the complaint; that the complaint may be true, and yet the plaintiff not entitled to recover, are substantially the language of a general demurrer under the former practice, and are not now allowed in any case.

In the present case two causes only are specified as the code requires, to wit: *that the complaint does not state a promise by the defendants to pay*, and it does not *state any legal liability on the part of the defendants.* Under the old system of pleading, the statement of a promise in this class of actions was indispensable, and this was the allegation which the defendant must put in issue by this plea. All the matters which went to show the defendant's liability upon his promise were set out as inducement, or as a consideration for the promise; and under the issue thus formed, the plaintiff was put to the proof of all these matters which were requisite to give legal efficacy to the defendant's undertaking. The promise in many cases was never in fact made, but was an inference of law from the other facts stated in the declaration and proved on the trial.

The code has made a radical change in this respect. All forms of pleading heretofore existing, inconsistent with it, are abolished, and the form and sufficiency of pleadings are to be determined by its provisions. (Sec. 140.) And now the complaint is good if it contains a statement of *the facts constituting the cause of action in ordinary language.* (Sec. 142.) A detail of the *evidence* of the facts on the one hand, and legal inferences on the other, are to be alike avoided. And if the complaint contains all the facts which upon a general denial the plaintiff would be bound to prove, to entitle him to a judgment, it then clearly contains "a statement of the *facts* constituting the cause of action," and is sufficient under the code.

The sale and delivery are the issuable facts in the present case; and these sustained by testimony, determine the case for the plaintiff, or if successfully controverted, defeat the action; and the statement of a promise, if superadded, would not be a fact controverted in the case, but would be a legal inference to follow or fail, as the facts averred shall be found true or false.

Suppose the plaintiff had in this case alleged that the defendants promised to pay the sum claimed, and the defendants by their answer had simply denied the promise, leaving the other allegations as they have by the demurrer admitted. Upon the face of the pleadings, the plaintiff must have judgment; for upon the admission of the sale and delivery the law adjudges a promise to pay. This result could only be avoided by proof

of some new matter, as payment, fraud in the sale, or other matter in avoidance which would be clearly inadmissible under such an issue : for the intention of the code is too clear to be mistaken, that such defences must be set out as matters of avoidance, in order to allow its admission in evidence. The only effect then of such allegation in the complaint would be to invite an immaterial issue, and to present on the record the denial of a legal inference which is established by the facts admitted.

What has been said on the subject of alleging a promise, applies also to the other objection, that the complaint does not state that the defendants are legally liable to pay the debt.

The defendant also objects that the liability of the defendants is joint, and the plaintiff is asking for a several judgment against Hitchins. If the cause were not in readiness for judgment against the defendant Horton, there would be a difficulty in ordering judgment now against Hitchins. Perhaps there might be an order declaring the demurrer frivolous, and directing judgment to be entered against Hitchins whenever the plaintiff should be entitled to take judgment against Horton; but this question need not now be decided.

The papers handed up show that more than twenty days have elapsed since the service of the summons and complaint on both defendants, and that Horton has not answered, and this demurrer is the only obstacle to judgment against both. This objection does not therefore arise in this case, for judgment will be entered jointly against both defendants.

It is also objected, that this motion cannot be made here (Batavia, Genesee co.) the venue being in Erie. Motions may be made at any place in the district where the venue is laid ; and by section 147 of the code, this class of motions may be made out of court. Motion granted, and judgment ordered with ten dollars costs.