### SUPREME COURT.

#### WILLIAM H. RUSSELL agt. JOHN CLAPP.

An answer which alleged "that the plaintiff who prosecutes the action, is not the real party in interest therein, nor is he an executor or administrator, or a trustee of an express trust, or a person expressly authorized by statute to sue without joining with him the person for whose benefit the suit is prosecuted," *held* bad on demurrer, for the reason that it did not state *the facts* upon which the defendant relied to sustain his allegation that the plaintiff had no right to sue.

*Rensselaer Special Term, Dec.* 1849.—Demurrer to answer. The complaint states that the plaintiff, on the 5th day of January, 1847, recovered against the defendant in a Court of Common Pleas, held at Boston, in the state of Massachusetts, a judgment for $4031.09, which remains unreversed and unsatisfied, and demands judgment for the amount of the judgment with interest. The defendant answers "that the plaintiff who prosecutes this action is not the real party in interest therein, nor is he an executor or administrator, or a trustee of an express trust, or a person expressly authorized by statute to sue without joining with him the person for whose benefit the suit is prosecuted." To this answer the plaintiff demurred, stating as the ground of demurrer, "that the defendant does not state and set forth in his said answer, the name of the real

interest in said action, or in whose name the action ought to have been prosecuted."

S. G. HUNTINGTON, *for plaintiff.*

G. STOW, *for defendant.*

HARRIS, Justice.—The radical change which the code has made in the rules by which the sufficiency of a pleading is to be determined, is well stated by Mr. Justice SILL, in *Glenny* v. *Hitchins,* (4 Howard, 98.) Under the present system, it is intended to confine the pleadings to a simple statement of facts; neither the evidence by which the facts alleged are to be established, nor the legal conclusions to be derived from such facts can properly be stated.   A complaint is sufficient if it contains a simple statement of facts, which, if proved, will entitle the plaintiff to judgment.   The answer, in like manner, is sufficient if it deny generally all the facts stated in the complaint, or specifically any particular fact stated, so as to form an issue of fact upon the matters of the complaint, or, admitting the facts stated in the complaint to be true, if it state other facts which, if proved, will countervail the legal effect of the facts alleged in the complaint and admitted to be true, and show that, notwithstanding the truth of such facts, the defendant, and not the plaintiff, is entitled to judgment.   Thus, in the case of *Glenny* v. *Hitchins,* above cited, it was enough for the plaintiff to allege the sale and delivery of the goods.   These facts established, the obligation of the purchaser to pay for them is the conclusion of the law upon these facts.   If the goods had been sold by a third person to the defendant, it would have been necessary for the plaintiff further to state in his complaint that the vendor had assigned the demand to him, or that the vendor having died, he had been appointed his executor or administrator, or some other facts from which the legal inference could be drawn that he, and not the vendor, was *the real party in interest.*   It clearly would not be sufficient for the plaintiff to state generally, the sale and delivery of the goods by a third person to the defendant, and then allege, as a reason for bringing the action in his name, instead of that of the vendor, that the plaintiff, and not the vendor, was *the real party in interest.*   The facts which, if proved, would authorize the court to adjudge him to be the real party in interest, must be stated.   So, I apprehend, if the defendant would avoid the plaintiff's right to recover by showing that some other person, and not the plaintiff, is the real party in interest, he must state in his answer such facts, as when established by proof, will enable the court to say, as matter of law, that the plaintiff is not the real party in interest.

Suppose an issue of fact had been formed by a reply to the answer, in which the plaintiff had alleged that he was, in fact, the real party in interest. Upon the trial of such an issue, it would be necessary for the defendant, in order to maintain his side of the issue to prove a state of facts, such as an assignment of the judgment executed by the plaintiff since its recovery, or a transfer of his interest by operation of law, from which he could ask the court to determine that the plaintiff was not the real party in interest. Those facts, whatever they may be, upon which the defendant relies as the ground upon which he will ask that it should be adjudged that the plaintiff is not the real party in interest, should have constituted the matter of allegation in his answer. This I understand to be in accordance with the theory of pleading adopted by the code. Each party should present in his pleadings the facts which he intends to establish by proof, if controverted, and upon which he expects the law to be pronounced. These facts should be so presented that upon the trial the court can see from the pleadings what facts are disputed and what are not; and be able to proceed to the determination, first of the disputed facts and then of the rights of the parties as established.

My conclusion, therefore is, that the answer is insufficient, for the reason that it does not state the facts upon which the defendant relies to sustain his allegation that the plaintiff has no right to sue. The plaintiff is therefore entitled to judgment upon the demurrer, but as the answer was probably interposed in good faith, the defendant may have leave to amend within ten days after notice of this decision, upon payment of costs.