## SUPREME COURT.

### The Oswego and Syracuse Plank Road Company agt. Rust and Rust.

The general allegation in a complaint, " that the plaintiffs are an incorporated company, organized pursuant to the provisions of the act," &c. (describing it), is sufficient to show a legal incorporation.

Subscribers to a stock subscription admit the legal existence of the corporation by their subscription, and can not question its capacity to appear upon the record.

The allegation, that the defendants subscribed to so many shares of stock, legally implies that they were the owners of and entitled to those shares; and renders a specific allegation of *consideration* by virtue of the subscription unnecessary.

*Oswego Circuit, November* 1850.   This was a demurrer to the complaint.   The complaint is as follows: " The Oswego and Syracuse Plank Road Company plaintiffs, by Ransom H. Tyler, their attorney, complain of Charles Rust and Spencer Rust defendants, for this, to wit: That the plaintiffs now are and have been ever since on or about the 28th day of December 1848, an incorporated company, organized pursuant to the provisions of the act of the legislature, entitled " an act to provide for the incorporation of companies to construct plank roads, and of companies to construct turnpike roads, passed May 7, 1847," and the acts amending the same.   That, as the plaintiffs are informed and believe, in contemplation of the organization of said company, to wit, on the 21st day of December 1848, upon due notice, subscription books were opened, as required by law, and the defendants subscribed to the capital stock of said company twenty shares, amounting to $500 (said shares being $25·00 each), and thereby agreed to take twenty shares of the said stock, and promised to pay the same to the directors of said company at such times and places as said directors should from time to time direct. That as plaintiffs are also informed and believe, pursuant to due notice, the subscribers to said capital stock, met at the Fulton House in the village of Fulton, on the 28th day of December 1848, and elected directors, adopted articles of association, and organized said company, and then and there said defendants again

The Oswego and Syracuse Plank Road. Company agt. Rust and Rust.

subscribed twenty shares of said stock, amounting to $500, and thereby agreed to pay the same to the said directors (except five per cent thereon, which had been paid to said directors), at such times and places as said directors should from time to time direct. The plaintiffs upon their information and belief, further say that the requisite amount of the capital stock of said company was in due time subscribed, and five per cent paid thereon, and that said directors required the whole of said capital stock subscribed to be paid by instalments until the whole thereof should be paid; the last of which instalments was required to be paid to the treasurer of said company at Fulton, on the first day of August 1849, which requirement of said directors was published as required by law. The plaintiffs upon their information and belief, further aver that said defendants have paid upon said subscription, in all, only the sum of $25, and that the sum of $475 is now actually due thereon, with interest from the first day of August 1849.

Whereupon the plaintiffs demand judgment against said defendants for said sum of $475, with the interest thereon from August 1, 1849."

The defendants demurred as follows: " 1. Because it appears, on the face of said complaint, that this action is brought to recover the amount of a voluntary subscription for the balance of twenty shares of capital stock of said Plank Road Company, amounting to $475.

2. Because it does not appear on the face of said complaint that there was any consideration for said subscription, or for defendants, promise to pay said subscription or any part thereof.

3. Because it does not appear upon the face of said complaint that the plaintiff has any cause of action against defendants, nor does it show any legal liability of defendants to the plaintiffs.

4. The complaint does not show upon the face thereof that said company has any legal existence."

R. H. TYLER, *for Plaintiffs.*

R. H. GARDNER, *for Defendants.*

HUBBARD, Justice.—The demurrer may be stated in two points. 1. That the complaint does not show that the plaintiffs were duly

incorporated. And 2d. There is no allegation of consideration for the subscription to stock in the plaintiffs' road.

The complaint alleges generally the incorporation of the plaintiffs pursuant to the provisions of the act passed May 7, 1847. This is sufficient for any purpose; but even that, I think, was unnecessary in this action. The defendants by subscribing for stock have admitted the legal existence of the plaintiffs as a corporation, and can not question their capacity to appear upon the record. This principle was distinctly decided in the case of the Dutchess Cotton Manufactory vs. Davis (14 *John.* 238; see *opinion, p.* 245). That case was in relation to a stock subscription and hence strikingly analagous to this.

Upon the second point of demurrer, I have had more doubt; but I have come to the conclusion that the complaint is sufficient for the following reasons; 1. That it contains allegations of every fact essential to be proved to support the action. It alleges the corporate existence of the plaintiffs, the defendants' subscription to twenty shares of capital stock, the payment of the five per cent, and the call of the directors for the payment of the balance. The proof of these facts would show a case for a recovery, prima facie. 2. It is unnecessary to allege specifically that the defendants, by virtue of their subscription, became entitled to twenty shares of the capital stock of the company. The legal implication from the facts alleged is that the defendants were entitled to those shares. The company was organized, as appears from the complaint, for the purpose of constructing a plank road and reaping the pecuniary advantages to toll. By the provisions of the act the subscribers became a body corporate for the purpose of constructing and owning a plank road. How can the subscriber be an owner, except through and to the extent of his subscription?

The shares subscribed are deemed personal property and may be sold as such and reached by judgment creditors. To allege, therefore, that the defendants subscribed to so many shares of stock, is in legal effect an allegation that it was done upon the consideration of the ownership of those shares. It can not be seriously urged that the defendants intended to make a gratuitous

subscription. The contrary, I think, is clearly inferrible from the complaint. The case of the Trustees of Hamilton College vs. Stewart (1 *Cow*. 581), can have no application. The contract in that case was clearly without consideration. The corporation undertook to do no act as a condition for the subscription, neither was there any possible pecuniary benefit to result to the defendant.

The plaintiffs are entitled to judgment on the demurrer, but the defendants are at liberty, on payment of costs of demurrer, in twenty days after service of notice of this order, to answer the complaint.