WILLIAM H. SAUNDERS, RESPONDENT, *v.* DWIGHT S. CHAMBERLAIN, APPELLANT.

*Contract — measure of damages — Answer — general denial in — what cannot be proved under — Power of County Court to amend pleading.*

Upon the representation of the defendant that he was the owner of a bond and mortgage given by the plaintiff, and which was then overdue, the latter agreed to and did pay to the former $120 upon his agreeing to carry the bond and mortgage for a year. Defendant did not own the mortgage, but by paying the owner of it $100 induced him to carry it for a year. Upon the foreclosure of the mortgage this $100 was allowed as a payment upon it.

In this action, brought by the plaintiff to recover damages occasioned by the fraudulent representation of the defendant, *held,* that plaintiff was entitled to recover the twenty dollars, not applied upon the mortgage, with interest.

The answer contained a general denial, and also denied that plaintiff was the proper or real party in interest, and alleged that he had no legal or equitable right to prosecute the action. *Held,* that under such answer the defendant could not prove an assignment of all the estate of the plaintiff to an assignee in bankruptcy, nor the schedule of his property.

*Quære,* whether upon an appeal from a judgment of the Justices' Court the County Court has power to allow an amendment to the answer.

APPEAL from an order of the Wayne County Court denying a motion for a new trial, made on the minutes of the judge, in an action brought to that court by appeal from a Justice's Court.

In 1872 the plaintiff had title to lands in Galen, on which he had executed a mortgage of about $4,500 to one W. H. Lyon. Lyon had assigned the mortgage to Aaron Griswold.

In 1872, and after assignment to Griswold, and while Griswold owned the mortgage, defendant called upon plaintiff and stated to plaintiff that he owned the mortgage; that it had been assigned to him by Griswold; that there were payments due on the mortgage and he wanted it settled. The plaintiff, relying upon such statements, made an agreement with defendant by which defendant agreed to carry said mortgage, and defer payment one year, in consideration of plaintiff's paying defendant $120, in addition to the legal interest. In pursuance of such agreement, plaintiff paid to defendant, and defendant received for the purpose aforesaid, the sum of $120. At the time the defendant did not own the mortgage,

and it had not been assigned to him. After defendant had made the agreement with plaintiff to carry said mortgage for a year, and before the $120 had been paid by plaintiff, defendant went to Mr. Griswold, the owner of the mortgage, and asked him if he would carry the mortgage a year for $100; Griswold consented to this; afterward, and some time in the year 1873, Mr. Griswold assigned and sold said mortgage to one Henry Graham, who thereafter commenced a foreclosure of said mortgage, in which said Saunders interposed a defense, among other things, claiming that the $100 received by Mr. Griswold as aforesaid should be applied on said mortgage, and the same was allowed and applied on the mortgage in said action; some time in January, 1877, plaintiff brought an action in a Justice's Court against defendant to recover the said $120, or so much thereof as he was entitled to; and in said action recovered, before said justice, twenty dollars and interest and costs, amounting in the whole to thirty dollars and twenty cents, from which judgment the defendant appealed to the Wayne County Court, where said cause was tried before Hon. G. W. Cowles and a jury, when the plaintiff again had a verdict of twenty-six dollars and thirty-five cents.

The answer of the defendant contained a general denial, and also denied that plaintiff was the proper or real party in interest, and that he had any legal or equitable right to prosecute the action against the defendant. Under this answer defendant offered to introduce in evidence an assignment by plaintiff of his estate to an assignee in bankruptcy, which offer was refused.

*D. S. Chamberlain*, appellant, in person.

*J. Vandenburg*, for the respondent.

SMITH, J.:

The evidence, although conflicting, authorized the jury to find that the plaintiff was induced to pay the defendant $120 to carry the bond and mortgage for a year by the representation of the defendant that he owned the bond and mortgage, and that such representation was untrue. The intendment from their verdict is that they so found. Upon this state of facts, the only question on the merits is whether the plaintiff was misled to his injury. That

he was damnified seems clear. Had the defendant been the owner of the bond and mortgage, the plaintiff could have insisted, in equity, that the $120 should be regarded as a payment upon them, the agreement for forbearance being usurious. (*Crane* v. *Hubbell*, 7 Paige, 413; *Judd* v. *Seaver*, 8 id., 548.) The $100 which the defendant paid to Griswold for the same purpose was so applied, it having been treated as a payment for the plaintiff's benefit; but as to the remaining twenty dollars, no such application was or could be made, it not having been paid to the true owner of the bond and mortgage. To the amount of the twenty dollars the plaintiff was damnified, and has a right of action; and the verdict being for that amount of damages only, with interest, is not excessive as claimed by the appellant.

The defendant's offer to prove the assignment and schedule in bankruptcy was properly excluded, for the reason that the answer did not set up that the plaintiff had transferred the claim in suit. Such transfer, to have been available as a defense, should have been pleaded as new matter. Proof of it was not admissible under a general denial; nor was it admissible under the second count in the answer, which averred a mere legal conclusion, to wit, that the plaintiff was not the proper party in interest in the action, and had no right to prosecute the same. The issuable facts should have been alleged. (*Russell* v. *Clapp*, 7 Barb., 482; *Seeley* v. *Engell*, 17 id., 530, reversed, but not on this point, 13 N. Y., 542; *Fosdick* v. *Groff*, 22 How., 158.)

The refusal of the court below to allow an amendment of the answer (even if the court had power to allow an amendment on appeal from a Justice's Court, a point which it is not necessary to decide) was matter of discretion, and cannot be reviewed on appeal.

The point that the action cannot be maintained because it was not brought within a year after the money was paid is not well taken. The action is not to recover money paid upon a usurious agreement, but to recover damages sustained by means of the alleged misrepresentation.

The order should be affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Order affirmed.