### FULLER *v.* TUSKA.

*(City Court of New York, General Term. February 17, 1891.)*

1. ASSUMPSIT—PLEADING.
   A complaint alleged that plaintiff loaned defendant certain shares of stock, which the latter failed to return, to plaintiff's damage $744.35, and that defendant paid on account thereof $1.30. *Held*, that it stated a cause of action upon contract, and acknowledged the indebtedness.

2. SAME—DEMAND.
   Where plaintiff waived the tort and sued for the money no demand for the stock was necessary.

Appeal from special term.

Action by George W. Fuller, Jr., against David S. Tuska. From an interlocutory judgment entered on an order overruling a demurrer to the complaint the defendant appeals.

Argued before EHRLICH, C. J., and McGOWN and FITZSIMMONS, JJ.

*B. Tuska*, for appellant. *W. W. Fuller*, for respondent.

EHRLICH, C. J. The complaint alleges that the plaintiff loaned to the defendant 150 shares of the stock of the Chicago, Milwaukee & St. Paul Railroad Company, which the defendant failed to return, to plaintiff's damage $744.35; that the defendant thereupon acknowledged an indebtedness to the plaintiff to that amount on the transaction stated, paid on account thereof $1.30, leaving $743.05 due. The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled at special term, and properly so. The complaint in substance shows that, after the defendant failed to return the borrowed stock, and acknowledged in consequence his liability in the form of an indebtedness

[1] St. 1877, c. 204.

for $744.35, the plaintiff waives the tort, and sues upon the contract to pay this amount of money. No demand for the stock was necessary under such circumstances, and the commencement of the action is a sufficient demand for the money. The Code has done away with all technical rules of pleading, and nothing more need be alleged than is necessary to be proved. Code, § 518; *Mann* v. *Morewood*, 5 Sandf. 564; *Glenny* v. *Hitchins*, 4 How. Pr. 98; *Plank-Road Co.* v. *Rust*, 5 How. Pr. 390. And the complaint sufficiently sets out the cause of action. It follows that the demurrer was properly overruled, and that the interlocutory judgment must be affirmed, with costs.